**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-7074**

_____

RICHARD VANDALE CLOWNEY,

　　　　　Plaintiff - Appellant,

　　v.

SCDC,

　　　　　Defendant - Appellee.

_____

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Mary G. Lewis, District Judge.  (0:24-cv-06381-MGL)

_____

Submitted:  April 28, 2026　　　　　　　　　　　　　Decided:  May 1, 2026

_____

Before WILKINSON and GREGORY, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Richard Vandale Clowney, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Vandale Clowney appeals the district court's order dismissing his 42 U.S.C. § 1983 amended complaint. The district court referred this case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge recommended that relief be denied and advised Clowney that failure to file timely, specific objections to this recommendation could waive appellate review of a district court order based upon the recommendation.

The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017); *Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985); *see also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). Although Clowney received proper notice and filed timely objections to the magistrate judge's recommendation, his objections were not specific to the particularized legal recommendations made by the magistrate judge, so appellate review is foreclosed. *See Martin*, 858 F.3d at 245 (holding that, "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection" (internal quotation marks omitted)); *see also Massey v. Ojaniit*, 759 F.3d 343, 352 (4th Cir. 2014) (stating that failure to file specific objections is not cured by district court's de novo review). Accordingly, we affirm the judgment of the district court.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*